## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

MARIA REGLA FERNANDEZ,            Case No.: 1:24cv24389

     Plaintiff,

vs.

MCDONNELL & ASSOCIATES, LLC,
d/b/a FIRST CAPITAL GROUP,
EXPERIAN INFORMATION SOLUTIONS,
INC., TRANS UNION, LLC, and EQUIFAX
INFORMATION SERVICES, INC.,

     Defendants,

_____/

## COMPLAINT FOR DAMAGES
## JURY DEMAND

1. Plaintiff, MARIA REGLA FERNANDEZ ("Plaintiff" or "Ms. Fernandez") by and through the undersigned counsel hereby brings this action against Defendants MCDONNELL & ASSOCIATES, LLC d/b/a FIRST CAPITAL GROUP for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") and the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et. seq.* (hereinafter "FCRA").

2. Additionally, Plaintiff brings this action against Defendants EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION, LLC, and EQUIFAX INFORMATION SERVICES, INC. for violations of the FCRA as set forth below.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States. Additionally, the jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p) and 28 U.S.C. § 1367.

4. Venue here is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in Miami-Dade County, Florida.

## PARTIES

5. Plaintiff, who, as more fully described herein, is allegedly obligated to pay a debt and is therefore a consumer within the meaning of 15 U.S.C. § 1692a(3).

6. Plaintiff is a natural person who, at all times relevant to this action is and was a resident of Broward County, Florida and is a "consumer" as defined by 15 U.S.C. § 1681a(c).

7. Defendant, MCDONNELL & ASSOCIATES, LLC is registered under the fictitious name, First Capital Group, as a California Corporation with its principal place of business in California.

8. First Capital Group uses instrumentalities of interstate commerce in a business the principal purpose of which is the collection of debts. Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Florida Statute §559.55(7).

9. First Capital Group is also an "out-of-state consumer debt collector" which means "any person whose business activities in this state involve both collecting or attempting to collect consumer debt from debtors located in this state by means of interstate communication originating from outside this state and soliciting consumer debt accounts for collection from creditors who have a business presence in this state. *See* Fla. Stat. §559.55(11).

10. First Capital Group uses instrumentalities of interstate commerce for the purpose of furnishing information on specific trade accounts to Consumer Reporting Agencies.

11. These instrumentalities of interstate commerce are largely electronic, written, or telephonic communications which has effects on consumers and their credit reports within the state of Florida.

12. Defendant, EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian") is an Ohio corporation incorporated under the laws of the State of Delaware. Experian is authorized to do business in the State of Florida and is engaged in the business of assembling,

evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681d to third parties.

13. Defendant, Transunion LLC ("Trans Union") is a limited liability company incorporated under the laws of the State of Delaware, whose members are citizens of the state of Illinois. Trans Union is authorized to do business in and regularly conducts business in the State of Florida and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681d to third parties.

14. Defendant, Equifax Information Services, LLC is a Georgia limited liability company incorporated under the laws of the State of Delaware. Equifax is authorized to do business in the State of Florida and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681d to third parties.

15. Experian, Trans Union, and Equifax shall be collectively referred to as the Credit Reporting Agencies ("CRAs").

## FACTUAL ALLEGATIONS

16. On September 15, 2022, Plaintiff was sued in Miami-Dade County Court in connection with a Credit One Bank credit card despite the fact that she never opened such an account. *See LVNV Funding, LLC v. Maria Fernandez,* Case no. 2022-011434-SP-21 (Miami Dade Cty. Ct.) ("State Court Action").

17. Plaintiff sent a dispute letter to the CRAs dated March 8, 2023 to address the Account, which attached a Police Report ("Initial Dispute"). A redacted copy of the Initial Dispute is attached as Exhibit "A."

18. Upon receiving the Initial Dispute, the CRAs relayed that information to LVNV who failed to conduct a reasonable investigation, and then furnished inaccurate information to the CRAs.

19. The CRAs reliance on LVNV in the Initial Dispute has cause the Account to remain on Plaintiff's credit files when evaluating Plaintiff's credit worthiness.

20. On November 2, 2023 the State Court Action was dismissed based on a lack of prosecution, but prior to the dismissal, Plaintiff initiated a dispute letter to the CRAs to address the account reported by LVNV Funding, LLC ("Account").

21. On November 11, 2023, Plaintiff entered into a car loan with Space Coast Credit Union for 75 months.

22. Before the car loan with Space Coast Credit Union was finalized, multiple hard inquires were registered on Plaintiff's credit reports with all of the CRAs.

23. Plaintiff's Experian report registered the following inquiries on November 11, 2023: Ally Financial and NCCINC/MIAMI LAKES AUTOMALL.

24. Plaintiff's Trans Union report registered the following inquiries on November 11, 2023: TD AUTO FINANCE and NCCMIAMI LAKES AUTOMALL.

25. Based on information and belief Plaintiff's Equifax report registered one or more of the same inquiries that are present on her Experian and Trans Union reports on November 11, 2023.

26. One or more of the enumerated Hard Inquiries have resulted in damages to Plaintiff in multiple forms, including economic and non-economic harm because the Account was still present on Plaintiff's credit files when she her car loan was finalized.

27. These hard inquiries are the equivalent of applications for credit, which have either resulted in one or more denials of credit, or has affected Plaintiff's application(s) by providing an increased interest rate based on a reduced credit score.

28. Plaintiff's car loan with Space Coast Credit Union has been subjected to a higher interest rate based on the presence of the Account at the time the loan was finalized.

29. Following the Initial Disputes and obtaining a car loan with Space Coast Credit Union, Plaintiff sent a second round of disputes to have the Account removed, which was ultimately successful ("Second Dispute"). A redacted copy of the Second Dispute is attached as Exhibit "B."

30. However, the Second Dispute also addressed additional items that Plaintiff noticed on her reports, which were also the result of identity theft.

31. Plaintiff's Second Dispute dated June 26, 2024, attached an FTC Identity Theft Affidavit where she identified a tradeline reported by First Capital Group, with KORNERSTONE as the original creditor.

32. In the Second Dispute, Plaintiff identified the First Capital Group tradeline and specifically explained the information that was the result of identity theft.

33. After the Second Dispute, Trans Union and Equifax effectively removed all information that Plaintiff identified was the result of identity theft.

34. Despite the details provided in the Second Dispute, Experian was the only CRA who failed to remove all information related to identity theft related to the First Capital Group tradeline. A redacted copy of the Experian results from the Second Dispute are attached as Exhibit "C."

## COUNT I - VIOLATION OF §1692e(8) AGAINST FIRST CAPITAL GROUP

35. Plaintiff incorporates by reference the allegations in paragraphs 1, 3 – 11, and 20 – 39.

36. A "debt collector" violates 15 U.S.C. §1692e(8) by "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

37. The term "communication" means the conveying of information regarding a debt directly or indirectly to any person through any medium. 15 U.S.C. §1692a(2).

38. First Capital Group violated §1692e(8) when it conveyed negative, inaccurate, and/or misleading information regarding Plaintiff, which First Capital Group knew or should have known was false because Plaintiff provided reliable information to support that the account tied to KORNERSTONE was fraudulent.

39. Defendant, through its agents, representatives, and/or employees acting within the scope of their authority, violated 15 U.S.C. §1692e(8).

40. 15 U.S.C. § 1692k(a) provides that a debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person for up to $1,000 in statutory damages, actual damages, the costs of the action, together with a reasonable attorney's fee as determined by the court.

41. As a result of First Capital Group's practices Plaintiff has been damaged in the form time spent addressing Defendant's illegal collection practices, a drop in his credit score, misrepresentation of an amount to a third party, damage to his reputation for credit worthiness, an inaccurate credit report, and emotional distress.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment in his favor and against Defendant for:

    a. Actual and statutory damages pursuant to 15 U.S.C. § 1692k;

    b. Attorneys' fees, litigation expenses and costs of the instant suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II - VIOLATION OF 15 U.S.C. §1681s-2(b) AGAINST FIRST CAPITAL GROUP FOR SECOND DISPUTE

42. Plaintiff incorporates by reference his allegations in Paragraphs 1, 3 – 11, and 20 - 39.

43. First Capital Group is a furnisher under the FCRA because it provides information concerning consumers to credit reporting agencies.

44. First Capital Group violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's Second Dispute when it failed to review all relevant information regarding the alleged debt.

45. Additionally, First Capital Group First Capital Group violated §1681s-2(b) by failing to accurately respond Plaintiff's dispute forwarded by the CRAs concerning the account First Capital Group reported.

46. As a result of First Capital Group's violations of the FCRA, Plaintiff has suffered damages including but not limited to mental pain and anguish, emotional distress, a drop in her credit score, credit defamation, time spent dealing with credit report disputes, and the costs associated with disputes for an account that does not belong to her.

47. First Capital Group's acts and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

48. In the alternative, First Capital Group negligently violated FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

49. Plaintiff is entitled to an award of prevailing party attorney's fees pursuant to 15 U.S.C. §1681.

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief for Plaintiff and against First Capital Group:

a. Adjudging that First Capital Group has violated 15 U.S.C. §1681s-2(b);

b. Awarding Plaintiff actual damages; statutory damages; and punitive damages

c. attorneys' fees, litigation expenses and costs;

d. and such other relief as the Court deems just and proper.

### COUNT III – VIOLATIONS OF 15 U.S.C. 1681c-2 AGAINST EXPERIAN FOR SECOND DISPUTE

50. Plaintiff incorporates by reference the allegations in paragraphs 2, 4, 6, 9, 16, and 20 – 39.

51. At all times relevant hereto, Experian is and was a "consumer reporting agency" as provided for under the FCRA.

52. At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

53. During the relevant time frame, Experian received Plaintiff's Second Dispute which identified the First Capital Group account as fraudulent and was accompanied by an FTC Identity Theft Affidavit.

54. Experian failed to block the information that Plaintiff specifically identified was the result of identity theft in violation of section 1681c-2.

55. Experian's acts and/or omissions were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to U.S.C. 1681n.

56. In the alternative, Experian negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. 1681o.

57. As a result of Experian's failure to comply with the FCRA, Plaintiff suffered mental and emotional distress associated with inaccurate information in her credit file resulting from identity theft, damage to her reputation for credit worthiness, credit denials, loss of the ability to purchase and benefit from credit, mental and emotional distress of being denied credit or being granted credit at increased rates, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief for Plaintiff and against Experian in the form of:

  a. Actual damages in an amount to be determined by the jury;
  b. Punitive damages in an amount to be determined by the jury;
  c. Statutory damages as determined by the Court;
  d. Attorneys' fees, litigation expenses and costs;
  e. Interest as permitted by law; and
  f. Such other and further relief including as the Court deems equitable and just under the circumstances.

### COUNT IV – VIOLATIONS OF 15 U.S.C. §1681i
### AGAINST EXPERIAN FOR BOTH DISPUTES

58. Plaintiff incorporates by reference the allegations in paragraphs 1, 3 – 11, and 20 – 39.

59. At all times relevant hereto, Experian is and was a "consumer reporting agency" as provided for under the FCRA.

60. At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

61. During the relevant time period, Experian received Plaintiff's Initial Dispute regarding the LVNV Account, which was reasonably disputed by Plaintiff as being the result of fraud.

62. During the relevant time period, Experian received Plaintiff's Initial Dispute regarding the LVNV account which she reasonably disputed did not belong to her by providing detailed information and supporting documentation.

63. During the relevant period, Experian received Plaintiff's Second Dispute regarding the First Capital Group account which she reasonably disputed did not belong to her by providing detailed information and supporting documentation.

64. Experian violated 15 U.S.C. § 1681i by failing to correct, update or delete inaccurate information in Plaintiff's credit file after receiving actual notice of inaccuracies contained therein.

65. Experian unreasonably relied on information provided by LVNV, when readily verifiable information that Plaintiff provided in her Initial Dispute placed Experian on notice that LVNV's information was inaccurate and unreliable.

66. Experian unreasonably relied on information provided by First Capital Group, when readily verifiable information that Plaintiff provided in her Second Dispute placed Experian on notice that First Capital Group's information was inaccurate and unreliable.

67. Experian's acts and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

68. In the alternative, Experian negligently violated FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

69. As a result of Experian's failures to comply with the FCRA, Plaintiff suffered mental and emotional distress associated with inaccurate information in his credit file, the loss of credit, loss of the ability to purchase and benefit from credit, mental and pain and anguish,

damage to his reputation for creditworthiness, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief for Plaintiff and against Experian in the form of:

a. Actual damages in an amount to be determined by the jury;

b. Punitive damages in an amount to be determined by the jury;

c. Statutory damages as determined by the Court;

d. Attorneys' fees, litigation expenses and costs;

e. Interest as permitted by law; and

f. Such other and further relief including as the Court deems equitable and just under the circumstances.

### COUNT V – VIOLATION OF 15 U.S.C. § 1681e(b) AGAINST EXPERIAN

70. Plaintiff incorporates by reference his allegations in paragraphs 1, 3 -11, and 20 - 39.

71. At all times relevant hereto, Experian is and was a "consumer reporting agency" as provided for under the FCRA.

72. At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

73. During the relevant time period, Experian received Plaintiff's Initial Dispute regarding the LVNV account, which she reasonably disputed did not belong to her by providing detailed information and supporting documentation.

74. During the relevant period, Experian received Plaintiff's Second Dispute regarding the First Capital Group account, which she reasonably disputed did not belong to her by providing detailed information and supporting documentation.

75. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it publishes and maintains concerning the Plaintiff.

76. Any users of credit reports saw the information related to the LVNV account after the Initial Dispute was reinvestigated, which was a substantial factor in the credit and/or insurance that was ultimately offered to Plaintiff on November 11, 2023.

77. Any users of credit reports saw the information related to the First Capital Group account after the Second Dispute was reinvestigated, which was a substantial factor in any credit or insurance applications.

78. As a result of Experian's failures Plaintiff suffered actual damages that are recoverable under the FCRA such as emotional and mental distress, expenses associated with disputes, damage to reputation for credit worthiness, time spent dealing with credit report disputes, and paying increased amounts related to credit or insurance based on her reduced credit score.

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief for Plaintiff and against Experian in the form of:

    a. Actual damages in an amount to be determined by the jury;

    b. Punitive damages in an amount to be determined by the jury;

    c. Statutory damages as determined by the Court;

    d. Attorneys' fees, litigation expenses and costs;

    e. Interest as permitted by law; and

    f.   Such other and further relief including as the Court deems equitable and just under the circumstances.

### COUNT VI – VIOLATIONS OF 15 U.S.C. §1681i
### AGAINST TRANS UNION FOR INITIAL DISPUTE

79.   Plaintiff incorporates by reference the allegations in paragraphs 2, 4, 6, 13, and 15 – 24.

80.   At all times relevant hereto, Trans Union was and is a "consumer reporting agency" as defined by the FCRA.

81.   At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

82.   During the relevant time frame, Trans Union received Plaintiff's Initial Dispute regarding the accuracy of the account reported by LVNV.

83.   Trans Union violated 15 U.S.C. § 1681i by failing to correct, update or delete inaccurate information in Plaintiff's credit file after receiving actual notice of inaccuracies contained therein.

83.   Trans Union unreasonably relied on information provided by LVNV when readily verifiable information that Plaintiff provided in her disputes placed Trans Union on notice that LVNV's information was inaccurate.

84.   Because of Trans Union's FCRA violations, Plaintiff suffered actual damages that are recoverable under the FCRA such as emotional and mental distress, expenses associated with disputes, damage to reputation for credit worthiness, time spent dealing with credit report disputes, and paying increased amounts related to credit or insurance based on her reduced credit score.

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief for Plaintiff and against Trans Union for:

      a. actual damages,

      b. statutory damages,

      c. punitive damages,

      d. attorneys' fees, litigation expenses and costs,

      e. and such other relief as the Court deems just and proper.

## COUNT VII – VIOALTIONS OF 15 U.S.C. §1681e(b)
## AGAINST TRANS UNION

85. Plaintiff incorporates by reference the allegations in paragraphs 2, 4, 6, 13, and 15 – 24.

86. At all times relevant hereto, Trans Union was and is a "consumer reporting agency" as defined by the FCRA.

87. At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

88. During the relevant time period, Trans Union received Plaintiff's Initial Dispute regarding the accuracy of the LVNV Account.

89. Following Plaintiff's Initial Dispute, Trans Union was on notice of inaccuracies within Plaintiff's credit file regarding the LVNV Account. However, Trans Union's failure to correct the inaccuracies has left this inaccurate information within Plaintiff's file until it is removed or becomes obsolete.

90. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it publishes and maintains concerning the Plaintiff.

91. Any users of credit reports saw the information related to the LVNV account after

the Initial Dispute was reinvestigated, which was a substantial factor in the credit and/or insurance that was ultimately offered to Plaintiff on November 11, 2023.

92. Because of Trans Union's FCRA violations, Plaintiff suffered actual damages that are recoverable under the FCRA such as emotional and mental distress, expenses associated with disputes, damage to reputation for credit worthiness, time spent dealing with credit report disputes, and paying increased amounts related to credit or insurance based on her reduced credit score.

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief for Plaintiff and against Trans Union for:

a. actual damages,

b. statutory damages,

c. punitive damages,

d. attorneys' fees, litigation expenses and costs,

e. and such other relief as the Court deems just and proper.

## COUNT VIII – VIOLATIONS OF 15 U.S.C. 1681i
## AGAINST EQUIFAX FOR FIRST DISPUTE

93. Plaintiff incorporates by reference the allegations in paragraphs 2 – 4, 6, and 14 – 24.

94. During the relevant time frame, Equifax was and is a "consumer reporting agency" as defined by the FCRA.

95. At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

96. Equifax received Plaintiff's Initial Dispute regarding the accuracy of the account reported by LVNV.

97. Equifax violated 15 U.S.C. § 1681i by failing to correct, update or delete inaccurate information in Plaintiff's credit file after receiving actual notice of inaccuracies contained therein.

98. Equifax unreasonably relied on LVNV when readily verifiable information that Plaintiff provided in her disputes placed Equifax on notice that LVNV's information was inaccurate.

99. Because of Equifax's FCRA violations Plaintiff suffered actual damages that are recoverable under the FCRA such as emotional and mental distress, expenses associated with disputes, damage to reputation for credit worthiness, time spent dealing with credit report disputes, and paying increased amounts related to credit or insurance based on her reduced credit score.

WHEREFORE, prays this Honorable Court to enter the following relief for Plaintiff and against Equifax for:

   a. actual damages,
   b. statutory damages,
   c. punitive damages,
   d. attorneys' fees, litigation expenses and costs,
   e. and such other relief as the Court deems just and proper.

### COUNT IX – VIOLATIONS OF 15 U.S.C. §1681e(b) AGAINST EQUIFAX

100. Plaintiff incorporates by reference the allegations in paragraphs 2 – 4, 6, and 14 – 24.

101. During the relevant time frame, Equifax was and is a "consumer reporting agency" as defined by the FCRA.

102. At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

103. Equifax was on notice of inaccuracies within Plaintiff's credit file concerning the LVNV Account. However, Equifax's failure to correct the inaccuracies has left this inaccurate information within Plaintiff's file until it is removed or becomes obsolete.

104. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it publishes and maintains concerning the Plaintiff.

105. Any users of credit reports saw the information related to the LVNV account after the Initial Dispute was reinvestigated, which was a substantial factor in the credit and/or insurance that was ultimately offered to Plaintiff on November 11, 2023.

106. Because of Equifax's FCRA violations Plaintiff suffered actual damages that are recoverable under the FCRA such as emotional and mental distress, expenses associated with disputes, damage to reputation for credit worthiness, time spent dealing with credit report disputes, and paying increased amounts related to credit or insurance based on her reduced credit score.

WHEREFORE, prays this Honorable Court to enter the following relief for Plaintiff and against Equifax for:

  a. actual damages,

  b. statutory damages,

  c. punitive damages,

  d. attorneys' fees, litigation expenses and costs,

  e. and such other relief as the Court deems just and proper.

## JURY DEMAND

107. Plaintiff demands a trial by jury on all issues so triable.

                Respectfully submitted,

        **DEBT SHIELD LAW**
        */s/ Kevin Rajabalee, Esq.*
        Fla. Bar. No. 119948
        3440 Hollywood Blvd., Suite 415
        Hollywood, FL 33021
        Main: 754-800-5299
        Direct: 954-667-3096
        Fax: 305-503-9457
        kevin@debtshieldlaw,com
        dayami@debtshieldlaw.com
        service@debtshieldlaw.com
        *Attorneys for Plaintiff*